**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CINDY SMITH ALLEN, et al
        Plaintiff

                             CA. 08-1094 (EGS)

   Vs.
ELI LILLY AND COMPANY

_____

## ORDER FOR MEET AND CONFER REPORT

The above captioned case has been assigned to Judge Emmet G. Sullivan for resolution.

Pursuant to LCvR 16.3 of the Local Rules, as amended effective December 1, 2000, and Fed. R. Civ. P. 26(f), as amended effective December 1, 2000, counsel shall confer by no later than **SEPTEMBER 22, 2008** and submit their Report addressing all topics listed in LCvR16.3(c) by no later than **SEPTEMBER 29, 2008.**  Counsel are directed to include in their Report a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with LCvR 16.3 and, in particular, LCvR.3(c), as amended December 1, 2000, and attached hereto as Appendix I.  In considering what form of alternative dispute resolution the parties think the case most suited to, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will only be granted upon

motion, and not upon stipulation by the parties.  Motions for a continuance or other scheduling change must be filed three business days prior to the hearing and must include alternative dates that have been agreed to by all parties.  Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter.  Inquires concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Carol Votteler (202/354-3152), or if she is unavailable to the staff person in the Clerk's Office designated as her substitute, and not to chambers.  Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, chambers can be reached at 202/354-3260.


Date August 14, 2008                    EMMET G. SULLIVAN
                                 UNITED STATES DISTRICT JUDGE

**APPENDIX I**


**RULE 16.3**
<u>**DUTY TO CONFER**</u>


(c)    **MATTERS TO BE DISCUSSED BY THE PARTIES.**

At the conference required by this Rule, the parties shall discuss the following matters:

* * *

(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other for of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:

    (i)    the client's goals in bringing or defending the litigation;

    (ii)   where settlement talks have already occurred and, if so, why they did not produce an agreement;

    (iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to;

        (aa)   whether ADR should take place after the informal exchange or production through discovery or specific items of information; and

        (bb)   whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv)   whether the parties would benefit from a neutral evaluation of their

case, which could include suggestions
regarding the focus of discovery, the
legal merits of the claim, and assessment
of damages and/or the potential
settlement value of the case; and

(V)   whether cost savings or any other
      practical advantage would flow from a
      stay of discovery or of other pre-trial
      proceedings while ADR process is pending.